IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL L. CRUMP,

      Petitioner,

v.                                    Case No. 3:18cv2362-LC/CAS

MARK S. INCH, Secretary,
Florida Department of Corrections,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about November 30, 2018, Petitioner Michael L. Crump, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On September 5, 2019, Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 12.  Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* ECF No. 11.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be

dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Michael L. Crump indicates he challenges his conviction entered December 21, 2012, and sentence imposed February 12, 2013, by the First Judicial Circuit, Okaloosa County, Florida, following a jury trial in case number 10-CF-1863 in connection with events that occurred September 20, 2010. ECF No. 1 at 1-2; Ex. A at 287-96; Ex. C at 358-409.[1] In particular, the jury found Crump: (1) guilty as charged of attempted first degree murder, with special findings that he used, carried, and actually possessed a firearm and that he discharged the firearm; (2) guilty as charged of burglary with special findings that the structure was a dwelling, that he used, carried, and actually possessed a firearm, and that he committed an assault during the burglary; and (3) guilty as charged of shooting into a building. Ex. A at 282-85; Ex. B at 627-29. The trial court adjudicated him guilty and sentenced him to concurrent terms of life in prison on Counts 1 and 2, and a concurrent term of fifteen (15) years in

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 12.

prison on Count 3.  Ex. A at 287-96; Ex. C at 358-409.  Crump had

previously entered straight up no contest pleas to Count 4 (violation of a

domestic violence injunction) and Count 5 (possession of a firearm while

subject to domestic violence injunction).  Ex. A at 107-08; Ex. C at 18-22.

On those two counts, the court sentenced him to 11 months and 29 days in

jail.  Ex. A at 287-96; Ex. C at 358-409.

Crump appealed his conviction and sentence to the First District

Court of Appeal (First DCA), assigned case number 1D13-975.  Ex. D.  The

State filed an answer brief.  Ex. E.  On November 19, 2013, the First DCA

per curiam affirmed the appeal without a written opinion.  Ex. F; Crump v.

State, 146 So. 3d 27 (Fla. 1st DCA 2013).  On January 23, 2014, the court

denied by order, Ex. J, Crump's pro se motion for rehearing or clarification,

Ex. H, and motion to recall the mandate, Ex. I.

On January 13, 2014, Crump filed a pro se motion for modification of

sentence pursuant to Florida Rule of Criminal Procedure 3.800(c).  Ex. K.

By order on February 26, 2014, the trial court denied the motion.  Ex. L.

On August 1, 2014, Crump filed a pro se motion for post-conviction

relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. M at 1-53.

By order on October 14, 2014, the state post-conviction court struck the

motion without prejudice, explaining some of Crump's claims were facially

insufficient and allowing him sixty (60) days to file an amended Rule 3.850 motion. *Id*. at 54-56.

On October 14, 2014, Crump filed an amended Rule 3.850 motion. Ex. M at 57-108. The State filed a response. *Id*. at 110-18. By order rendered July 20, 2015, the court granted an evidentiary hearing on part of one claim and summarily denied the remaining claims. *Id*. at 121-34 (exclusive of attachments).

An evidentiary hearing took place on September 15, 2015, during which Crump was represented by counsel. Ex. M at 239-89. In an order rendered September 29, 2015, the state court denied post-conviction relief. *Id*. at 210-19. The court denied Crump's motion for rehearing on December 2, 2015. *Id*. at 304-09.

Crump appealed the order denying postconviction relief to the First DCA, and he filed a pro se initial brief in case number 1D15-4793. Ex. N. The State filed an answer brief. Ex. O. On June 28, 2016, the First DCA per curiam affirmed the appeal without a written opinion. Ex. P; Crump v. State, 197 So. 3d 45 (Fla. 1st DCA 2016). The court denied Crump's motion for rehearing. *See* Exs. Q, R. The mandate issued August 31, 2016. Ex. S.

In the meantime, on August 11, 2014, Crump had filed a pro se petition for writ of habeas corpus in the First DCA, assigned case number 1D14-3742.  Ex. T.  On September 9, 2014, the First DCA denied the petition on the merits.  Ex. U.  By order on October 15, 2014, Ex. W, the First DCA denied Crump's motion for rehearing, Ex. V.

On October 7, 2016, Crump filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. X at 18-21.  By order rendered February 6, 2017, the state trial court denied the motion.  *Id*. at 22-28.  The court denied Crump's motion for rehearing.  *Id*. at 29-32, 33-34.  Crump appealed to the First DCA.  *Id*. at 35-37.  On August 18, 2017, the First DCA per curiam affirmed the case, assigned number 1D17-1673, without a written opinion.  Ex. Z.  By order on October 16, 2017, Ex. BB, the court denied Crump's motion for rehearing and written opinion, Ex. AA.  The mandate issued November 6, 2017.  Ex. CC.

In the meantime, on May 4, 2017, Crump had filed a petition for writ of habeas corpus in the Okaloosa County Circuit Court.  Ex. DD at 15-21.  On August 31, 2017, that court entered an order finding Crump was challenging his criminal judgment and sentence, and transferred the petition to the criminal division.  *Id*. at 22-23.  On December 27, 2017, the criminal division trial court denied the petition.  *Id*. at 24-28.  Crump

appealed to the First DCA and filed an initial brief in case number 1D18-339.  Ex. EE.  The State did not file an answer brief.  See Ex. FF.  On November 19, 2018, the First DCA per curiam affirmed the case without a written opinion.  Ex. GG.  The mandate issued December 17, 2018.  Ex. HH.

As indicated above, Crump filed his § 2254 petition on November 30, 2018.  ECF No. 1.  Respondent has filed a motion to dismiss the petition, with exhibits.  ECF No. 12.  Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* ECF No. 11.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Crump appealed his conviction and sentence, and the First DCA per curiam affirmed the case, without a written opinion, on November 19, 2013. The court denied his motions for rehearing and to recall the mandate on January 23, 2014. Therefore, his conviction became final for federal habeas purposes on April 23, 2014, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Crump had one year thereafter, or until April 23, 2015, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As indicated above, on January 13, 2014, Crump filed a Rule 3.800(c) motion, which the court denied February 26, 2014, before the AEDPA clock started.  Thereafter, he filed a Rule 3.850 motion on August 1, 2014, stopping his AEDPA clock at 100 days.  The AEDPA clock restarted on September 1, 2016, after the First DCA issued the mandate on August 31, 2016, in Crump's appeal from the denial of post-conviction relief.  The clock ran for 37 days until Crump filed a Rule 3.800(a) motion on October 7, 2016, which stopped the clock until November 6, 2017, when the First DCA issued the mandate in Crump's appeal from the denial of relief.  At this point, 137 days had ticked off the clock, and Crump had 228 days remaining in his AEDPA limitations period.

The clock resumed November 7, 2017, and ran for another 179 days until May 4, 2017, when Crump filed a petition for writ of habeas corpus in the Okaloosa County Circuit Court.  Assuming this filing tolled the AEDPA time, the clock did not restart until after December 17, 2018, when the First DCA issued the mandate in Crump's appeal from the denial of relief. Under this view, Crump's § 2254 petition is timely as he filed it on November 30, 2018, before his AEDPA clock restarted.

In its motion, however, Respondent asserts Crump's state habeas petition, filed May 4, 2017, was untimely under Florida Rule of Criminal

Procedure 3.850(b) because he filed it more than two years after his

judgment and sentence became final, and thus it was not "properly filed" as

required to toll the AEDPA limitations period.  ECF No. 12 at 13-18.

Respondent's argument is well-taken.

Indeed, the state court record provided by Respondent contains the

order of the state post-conviction court on Crump's state habeas petition.

Ex. CC at 24-27.  In that order, the state court sets forth Crump's claims

and denied relief, explaining that his filing was untimely under Rule 3.850:

### Defendant's Claims

In Ground One, Defendant argues that his sentences
violate double jeopardy principles because his convictions on
counts one and three "involved the same act and victim."  In
Ground Two, Defendant argues that the Court committed
fundamental error when it instructed the jury on attempted
voluntary manslaughter "because the standard jury instruction
required the State to prove that Petitioner intended to cause the
death" of the victim.  Defendant requests the Court to vacate
his conviction and sentence.

### Analysis

Defendant does not state a prima facie case for a writ of
habeas corpus.  *See* Quarles v. State, 56 So. 3d 857, 858 (Fla.
1st DCA 2011).

Defendant's claim that his sentences violate double
jeopardy principles because his convictions on counts one and
three "involved the same act and victim" should be raised in a
motion filed pursuant to Florida Rule of Criminal Procedure
3.850.  *See* Ferenc v. State, 563 So. 2d 707, 707-08 (Fla. 1st
DCA 1990).  If treated under rule 3.850, Defendant's motion

would be untimely. *See* Fla. R. Crim. P. 3.850(b). Although Defendant styles his pleading as a petition for writ of habeas corpus, a "criminal defendant may not escape this two-year limit for 3.850 motions by styling a pleading as a petition for writ of habeas corpus." Bermudez v. State, 870 So. 2d 875, 876-77 (Fla. 3d DCA 2004). Accordingly, Ground One is denied.

As to Defendant's claim that the Court erred by instructing the jury on attempted voluntary manslaughter, his "claim is procedurally barred because a claim of error regarding the instructions given by the trial court should have been presented on direct appeal and is not cognizable through collateral attack." Dufour v. State, 905 So. 2d 42, 67 (Fla. 2005). Although Defendant styled his pleading as a petition for writ of habeas corpus, "[h]abeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings." *See* Coakley v. State, 43 So. 3d 790, 791 (Fla. 1st DCA 2010). Although a claim that counsel rendered ineffective assistance for failing to object to jury instructions may be raised in a motion filed pursuant to rule 3.850, such a claim would be untimely in this case. *See* Fla. R. Crim. P. 3.850(b). Accordingly, Ground Two is denied.

*Id.* at 25-26. The state court thus considered Crump's petition as a Rule 3.850 motion and found it untimely, denying relief. Because the court rejected the petition/motion as untimely, such was not "properly filed" for purposes of § 2244(2) and did not toll the AEDPA limitations period. *See* Allen v. Siebert, 552 U.S. 3, 7 (2007) (explaining that state time limits constitute filing conditions and, thus, state post-conviction relief petition is not "properly filed" within meaning of tolling provision of AEDPA limitations period for federal habeas petitions if state court rejected petition as

untimely); <u>Sweet v. Sec'y, Fla. Dep't of Corr.</u>, 467 F.3d 1311, 1316-18 (11th Cir. 2006) (explaining, among other things, "when a state court determines that a petition is untimely, and also rejects the substantive claim on the merits, the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed'").

Because the state court habeas petition did not toll the limitations period, Crump's one-year AEDPA clock, which had restarted November 7, 2017, ran out 228 days later, on June 22, 2018.  Therefore, his § 2254 petition, filed November 30, 2018, is untimely under § 2244(d)(1)(A).

## Concluson

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still

be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 22, 2019.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.